| | |
|---|---|
| 1 | Kevin J. McInerney, Esq. (46941) |
| | kevin@mcinerneylaw.net |
| 2 | Kelly McInerney, Esq. (200017) |
| | kelly@mcinerneylaw.net |
| 3 | Charles A. Jones, Esq. (224915) |
| | caj@mcinerneylaw.net |
| 4 | MCINERNEY & JONES |
| | 18124 Wedge Parkway #503 |
| 5 | Reno, NV 89511 |
| | Telephone:   (775) 849-3811 |
| 6 | Facsimile:   (775) 849-3866 |
| 7 | James F. Clapp, Esq. (145814) |
| | jclapp@sdlaw.com |
| 8 | Marita Murphy Lauinger, Esq. (199242) |
| | mlauinger@sdlaw.com |
| 9 | Zachariah P. Dostart, Esq. (255071) |
| | zdostart@sdlaw.com |
| 10 | DOSTART CLAPP GORDON & COVENEY, LLP |
| | 4370 La Jolla Village Drive, Suite 970 |
| 11 | San Diego, CA 92122 |
| | Telephone:   (858) 623-4200 |
| 12 | Facsimile:   (858) 623-4299 |

FILED

MAY - 5 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10  1949

| | |
|---|---|
| DAVID A. HOLLIS, | Civil Case No. _____ |
| Plaintiff, | Filed as a Tag-Along Case to MDL No. 06-1770 Assigned to the Honorable Marilyn Hall Patel |
| v. | |
| WELLS FARGO BANK, N.A., | **COMPLAINT FOR:** |
| Defendant. | 1.) Violation of the Fair Labor Standards Act (29 U.S.C. §207); |
| | 2.) Violation of California Labor Code §§ 510 and 1194; and |
| | 3.) Violation of California Business and Professions Code §17200, *et seq.* |

COMPLAINT

# I.
# THE PARTIES

1. The Plaintiff, David A. Hollis, is and at all times relevant has been a resident and citizen of the State of California. Between approximately April 1999 and July 2008, the Plaintiff was employed by the Defendant Wells Fargo Bank, N.A. as a Home Mortgage Consultant ("HMC"). Plaintiff worked at the Defendant's offices located at Ocean Avenue and San Carlos Street in Carmel-by-the-Sea, California.

2. The Defendant Wells Fargo Bank, N.A. is a business entity incorporated in a state other than California and headquartered in San Francisco, California. The Defendant operates, as a separate division, an entity headquartered outside the State of California which sells and originates home mortgage loans. At all times relevant, the Defendant Wells Fargo Bank, N.A. (hereinafter "Wells") employed the Plaintiff in the State of California as a Home Mortgage Consultant to originate and produce mortgage loans.

3. Since February 11, 2005, the Plaintiff was a putative class member in an action entitled *Mevorah v. Wells Fargo*, Case No. 3:05-cv-01175-MHP, which action subsequently became a part of MDL Coordination Proceeding No. M:06-cv-01770-MHP. Class certification in *Mevorah* was denied by the Honorable Marilyn Hall Patel on January 13, 2010. Plaintiff asserts that during the pendency of the *Mevorah* action as a class suit, the statute of limitations was tolled.

# II.
# JURISDICTION AND VENUE

4. The federal court has jurisdiction over this action pursuant to Title 28, U.S.C. Section 1331 because a violation of the Fair Labor Standards Act (Title 29, U.S.C. Section 207) is alleged. The federal court also has jurisdiction under Title 28, U.S.C. Section 1332 because the Plaintiff is a citizen of California and the Defendant is a citizen of a state other than California

1  and the amount sought to be recovered by the Plaintiff exceeds $75,000 exclusive of interest and

2  costs.

3       5.     Venue is proper in the Northern District of California because this action is filed as

4  a tag-along action to MDL No. M:06-cv-01770-MHP, *In re Wells Fargo Home Mortgage*

5  *Consultant Overtime Litigation*. The Honorable Marilyn Hall Patel is the judge assigned to this

6  MDL proceeding. Venue is also proper in the Northern District of California because the

7  Defendant is headquartered in this district and the Plaintiff was employed in this district.

### III.
### STATEMENT OF FACTS

     6.     The Plaintiff was employed by the Defendant as an HMC in California between approximately April 1999 and July 2008. During this period of time, the Plaintiff worked in Wells' offices in Monterey County, California.

     7.     While employed as an HMC, the Plaintiff was engaged in originating and producing home loans. His primary role was selling and this was performed from fixed Wells locations.

     8.     The Defendant compensated the Plaintiff on a commission sales basis and did not monitor the hours or activities of the Plaintiff. The Defendant paid the Plaintiff based upon loans that actually closed and recorded. Defendant never paid the Plaintiff any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight hours per day and in excess of forty (40) hours per week. Rather, the Defendant classified the Plaintiff as overtime exempt.

     9.     The Plaintiff was, in fact, at all times relevant a non-exempt employee under both the Fair Labor Standards Act and the California Labor Code. Defendant's misclassification and failure to pay Plaintiff overtime was willful because Wells never monitored his actual work activities to determine whether he was an exempt worker.

10. The amount of overtime pay that the Defendant failed to pay Plaintiff is in excess of $75,000 under the FLSA and even more under the California Labor Code.

## IV.
## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime)

11. Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

12. The Defendant improperly and unlawfully treated the Plaintiff during his employment between approximately April 1999 and July 2008 as a worker exempt from the protection of the overtime laws and particularly the overtime protection provided by the Fair Labor Standards Act, Title 29, U.S.C. Section 207. The Defendant failed to pay the Plaintiff overtime wages as required and is therefore liable to him for all such sums including attorneys' fees and costs. Because the Defendant's failure was willful in that it made no effort to monitor the actual activities or hours worked, the Defendant is liable for liquidated damages or, alternatively, for interest on the unpaid overtime wages.

## V.
## SECOND CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA LABOR CODE §§510 AND 1194
### (Failure to Pay Overtime)

13. Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

14. Defendant's misclassification of the Plaintiff as overtime exempt between 1999 and 2008 was unlawful because it was in violation of the California Labor Code §§510 and 1194. Defendant is therefore liable to the Plaintiff for overtime wages, interest thereon, costs, and reasonable attorneys' fees.

## VI.
## THIRD CAUSE OF ACTION
## VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT,
## BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.*

15. Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

16. The Defendant's failure to pay overtime as mandated by the Fair Labor Standards Act and the Defendant's failure to pay overtime as required by the California Labor Code constituted unlawful and unfair business practices. These failures to pay overtime also constituted an attempt by the Defendant to gain unfair competitive advantage over other lenders because the Defendant misclassified all its Home Mortgage Consultants as overtime exempt and paid none of them the overtime or premium pay required under the law.

17. Accordingly, Defendant is liable to the Plaintiff for restitution of all overtime pay with interest thereon and costs.

### PRAYER

Wherefore, the Plaintiff prays for the following relief:

1. For overtime or premium pay as calculated under the Fair Labor Standards Act plus liquidated damages thereon or, alternatively, interest thereon;

2. For payment of overtime wages as calculated under the California Labor Code with interest thereon, costs, and reasonable attorneys' fees;

3. For restitution of all overtime wages due Plaintiff under the California Unfair Business Practices Act with interest thereon and costs; and

4. For such other and further relief as this Court may deem appropriate.

Dated: May 4, 2010

Respectfully submitted,

MCINERNEY & JONES
DOSTART CLAPP GORDON & COVENEY LLP

By: _____
Kevin J. McInerney